*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

UNITED STATES of America, Appellee

v.

Kenneth Adolphus HINTON, Appellant.

No. 07–3056.

United States Court of Appeals, District of Columbia Circuit.

April 23, 2008.

Before: TATEL, GARLAND, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties pursuant to D.C. Circuit Rule 34(j). It is

ORDERED AND ADJUDGED that the judgment of the district court be affirmed.

While appellant was on federal supervised release, a Maryland court convicted him of assault and burglary. The United States District Court for the District of Columbia then held a hearing, revoked appellant's supervised release, and sentenced him to 18–months' imprisonment. Appellant raises several reasons why his counsel's performance was deficient under the first prong of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but none has merit.

First, appellant argues that counsel should have (1) sought a continuance of the revocation hearing until after appeal of his Maryland conviction, and (2) presented evidence challenging the conviction itself as erroneous. But appellant presents no remotely compelling evidence that his conviction was in error, asserting only that the conviction arose from a domestic dispute involving his "vindictive ex-wife" and her "frivolous charges." Appellant's Opening Br. 4.

Second, appellant argues that counsel failed (1) to inform the district court

that the sentencing guidelines did not mandate revocation in appellant's circumstance, and (2) to point out discretionary factors the district court could have considered in deciding whether to revoke supervised release. Nothing in the record, however, reveals that the district court believed revocation was required or refused to consider the appropriate discretionary factors.

Third, appellant argues that once the district court decided to revoke supervised release, counsel failed to invoke statutory sentencing factors or to present mitigating evidence. But the record shows that the district court did in fact consider appropriate sentencing factors and mitigating evidence, arriving at a mid-range sentence.

For the foregoing reasons, we conclude that counsel's behavior did not "f[a]ll below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. In any event, even if it did, appellant cannot satisfy *Strickland*'s second prong, that the "deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Appellant has failed to show a reasonable probability that the district court's revocation decision would have been different had counsel requested a continuance of the hearing or presented evidence on the underlying conviction. Nor has appellant shown that any further mitigating factors existed that would have led to a lower sentence.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.